UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Nochus H. M. Berry, ) | Civil Action No.: 4:19-cv-794-RBH-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Perdue Farms, Inc.; and Perdue ) | |
| Transportation, Inc., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court for consideration of Defendants Perdue Farms, Inc. and Perdue Transportation, Inc. ("Defendants") objections to the Report and Recommendation ("R & R") of the Magistrate Judge.[1] ECF Nos. 18, 21. The Magistrate Judge recommends denying Defendants' motion to dismiss and allowing this matter to proceed to discovery. R & R at 10.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a *de novo* review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a *de novo* review of every portion of the Magistrate Judge's R & R to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when

---
[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1) and Local Civ. Rule 73.02(B)(2) (D.S.C.).

a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

"A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Ci222r. 1985). The Court will address each specific objection to the R & R in turn, but the Court need not - and will not - address any arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the R & R. *See Orpiano*, 687 F.2d at 47.

## **Discussion**[2]

On February 7, 2019, Plaintiff, proceeding pro se, filed this Complaint in state court. R & R at 4. Defendants removed this action[3] on March 15, 2019. ECF No. 1. Plaintiff alleges one cause of action - a Workers Compensation Retaliation Claim under S.C. Code Ann. § 41-1-80. R & R at 1. On March

---

[2] The R & R summarizes the factual and procedural background of this case, as well as the applicable legal standards.

[3] This Court entered a text order, *sua sponte*, asking Defendants to show cause and explain how this Court has jurisdiction of this case because it was unclear from the materials submitted whether the amount in controversy requirement under 28 U.S.C. § 1332 was satisfied. This Court also asked Defendants to address whether this case was barred from removal by 28 U.S.C. § 1445(c). After considering Defendants' response to the Court's Order, the Court is satisfied it does have jurisdiction under 28 U.S.C. § 1332, and Plaintiff waived his opportunity to raise any objection to removal pursuant to 28 U.S.C. § 1445(c) by failing to assert such an objection within thirty days of removal. *See Lunsford v. Cemex, Inc.*, 733 F. Supp.2d 652, 655 (M.D.N.C. 2010).

22, 2019, Defendants filed a motion to dismiss, in which they allege this action should be dismissed under Fed. R. Civ. P. 12(b)(6) because Plaintiff's claim is barred by the applicable statute of limitations. ECF No. 10. Plaintiff responded, ECF No. 16, and Defendants replied, ECF No. 17.

The Magistrate Judge recommends the Court deny Defendants' motion to dismiss. R & R. Specifically, the Magistrate Judge suggests the Court should deny Defendants' motion to dismiss because it is too early in this litigation to reach the merits of an affirmative defense, such as the statute of limitations. *Id*. at 7. The Magistrate Judge also construed part of Plaintiff's response to Defendants' motion to dismiss as an equitable tolling argument, and ultimately the Magistrate Judge suggests there may be grounds to support a finding of equitable tolling. *Id.* at 9.

Defendants raised two objections to the R & R. ECF No. 21. Defendants first aver the Magistrate Judge erred in recommending a ruling on the statute of limitations is premature at this stage and requires discovery. *Id.* at 1. Defendants also contend the Magistrate Judge erred in recommending equitable tolling should apply to overcome Plaintiff's allegedly untimely filing of the Complaint. *Id*.

As a general rule, "a defense based on the statute of limitations must be raised by the defendant through an affirmative defense, *see* Fed. R. Civ. P. 8(c), and the burden of establishing the affirmative defense rests on the defendant." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 1999). A defendant's statute of limitations affirmative defense can be raised in a Rule 12(b)(6) motion to dismiss; however, it is seldom appropriate to do so. "A motion under Rule 12(b)(6) is intended to test the legal adequacy of the complaint, and not to address the merits of any affirmative defenses."*Richmond, Fredericksburg, & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993) Accordingly, a statute of limitations defense must "clearly appear[] on the face of the complaint." *Id*. In other words, the complaint must clearly "allege all facts necessary to the affirmative defense." *Goodman*, 494 F.3d at

3

464. (internal citation omitted).

Both of Defendants' objections are unpersuasive. Defendants' first objection asks this Court to convert their Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment. Defendants ask this Court to consider three documents outside of the Complaint in order to prove Plaintiff's claim is barred by the applicable statute of limitations: (1) the declaration of Perdue Farms, Inc.'s Complex Human Resources Manager Jamie Manaia; (2) a South Carolina Department of Employment and Workforce decision submitted by Plaintiff; and (3) an email Plaintiff sent to Ms. Manaia. R & R at 3-4, Defendants' Objection at 3. Defendants contend that, with this additional information, "there is simply no possible dispute of material fact as to timeliness based on the materials in the record." Defendants' Objection at 2.

Defendants fail to direct the Court to any legal authority that would override the Fourth Circuit's clear direction in *Goodman* that requires the complaint to clearly allege "all facts necessary to the affirmative defense" in order for the Court to grant a Rule 12(b)(6) motion to dismiss based on the statute of limitations. *Goodman*, 494 F.3d at 464. (internal citations omitted). Because Plaintiff's complaint does not contain any of the relevant dates, including the date of Plaintiff's discharge from employment with Defendants, the Court will overrule Defendants' first objection and decline to treat their motion as one for summary judgment. The Court agrees with the Magistrate Judge that it is too early to rule on the statute of limitations at the Rule 12(b)(6) stage, particularly in light of the possibility of equitable tolling.

Defendants second objection is that the Magistrate Judge erred in recommending equitable tolling could apply to overcome Plaintiff's allegedly untimely claim. The Magistrate Judge lists several facts Plaintiff set forth in his response to Defendants' motion to dismiss that could justify equitably

tolling the statute of limitation. Defendants, in their objection, argue Plaintiff has not met the high standard for equitable tolling and therefore it should not apply. This factual dispute underscores the need for discovery to more fully develop the facts that may or may not give rise to equitable tolling. *See Cruz v. Maypa*, 773 F.3d 138, 145-46 (4th Cir. 2014) (reversing in part the district court's decision to grant the defendant's motion to dismiss because the plaintiff's claims were time-barred and concluding discovery was necessary for the district court to determine if any or all of plaintiff's claims were equitably tolled). The possibility that equitable tolling could apply to Plaintiff's claim is an additional reason why it is too early to rule on Defendants' statute of limitations argument without more information. Therefore, the Court will overrule Defendants' second objection and allow this case to proceed to discovery so the parties may fully discover the facts that may give rise to equitable tolling.

## Conclusion

For the foregoing reasons, the Court **OVERRULES** Defendants' objections and **ADOPTS** the Magistrate Judge's R & R to the extent it is consistent with this Order. Accordingly, the Court **DENIES** Defendants' motion to dismiss based on the statute of limitations, ECF No. 10. The Court declines to rule on the issue of equitable tolling until the parties have had a chance to participate in discovery.

**IT IS SO ORDERED.**

Florence, South Carolina  
October 29, 2019

s/ R. Bryan Harwell  
R. Bryan Harwell  
Chief United States District Judge

5